UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ROY GLENN LAWSON, II | CIVIL ACTION NO. |
| VERSUS | JUDGE |
| OMNI SPECIALTY PACKAGING, L.L.C. | MAGISTRATE JUDGE |

**COMPLAINT**

I.

CIVIL ACTION

This is a civil action asserted under the Family Medical Leave Act ("FMLA") against the Defendant employer for interference with the Plaintiff employee's right to be restored to the same or equivalent job position following Family Medical Leave.

II.

PARTIES

1. Plaintiff is ROY GLENN. LAWSON, II ("Plaintiff"), a person of the age of majority domiciled in Caddo Parish, Louisiana.

2. Defendant is OMNI SPECIALTY PACKAGING, L.L.C., a Limited Liability Company domiciled in Louisiana. Defendant was Plaintiff's employer.

III.

JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as this action presents a claim arising under the laws of the United States.

IV.

VENUE

4.     Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b)(2).

V.

FACTUAL BACKGROUND

PLAINTIFF'S FAMILY MEDICAL LEAVE

5.     Defendant Omni Specialty Packaging, L.L.C. is a Limited Liability Company domiciled in Greenwell Springs, Louisiana.

6.     Defendant operates a facility in Shreveport, Caddo Parish Louisiana, where it employs more than 50 employees within a 75-mile radius of the Plaintiff's worksite.

7.     Plaintiff was employed by Defendant as a chemist.  He was first employed by Defendant in October 2015 and had worked for Defendant at least 1,250 hours during the 12 months prior to the start of his Family Medical Leave.

8.     Defendant provided Plaintiff with information about the Family Medical Leave Act and a statement approving Plaintiff's eligibility for intermittent Family Medical Leave during the course of Plaintiff's employment in 2019.

9.     Defendant placed Plaintiff on sequential days of Family Medical Leave on or about January 16, 2020.

10.    On January 24, 2020, Plaintiff's Health Care Provider reported to the employer that Plaintiff was able to return to work effective January 27, 2020.

11.    Defendant did not accept the initial return to work certification, nor did it inform Plaintiff that there was some disqualifying reason that had existed before Plaintiff's leave began that would prevent his return to work.  Instead, Defendant sent Plaintiff's Health Care Provider a

list of the Plaintiff's job qualifications and duties and asked Plaintiff's Health Care Provider to re-assess Plaintiff's qualifications and abilities to perform his job, with specific reference to the qualifications and duties on the Defendant's list.

12. On February 2, 2020, Plaintiff's Health Care Provider submitted a fitness for duty report, on the form provided by the employer and with reference to the job duties and qualifications provided by the employer, certifying that Plaintiff was fully qualified and able to return to his job duties with no restrictions.

13. Defendant has steadfastly refused to restore Plaintiff to his job position or to an equivalent job position.

14. Plaintiff has been in unpaid status since January 27, 2020, because the employer refuses to return him to his same or equivalent job position.

15. The Defendant's refusal to restore Plaintiff to his job or to an equivalent job position constitutes unlawful interference with the Plaintiff's substantive rights under the Family Medical Leave Act.

VI.

CAUSE OF ACTION

COUNT I

DENIAL OF BENEFITS TO WHICH PLAINTIFF IS ENTITLED UNDER THE FMLA

16. Plaintiff incorporates herein by reference, as if set forth in full, the statements of fact in paragraphs 1 through 15 of his complaint. These statements of fact establish that Plaintiff was an eligible employee under the FMLA; his employer was subject to the FMLA requirements; Plaintiff was entitled to leave; his employer approved the leave; and when Plaintiff's need for

leave ended and he was able to return to work, Plaintiff's employer then denied Plaintiff the benefit of reinstatement to which he was entitled under the FMLA.

17. Under the FMLA, the employee's right to be restored to his job or an equivalent job position at the conclusion of leave is a substantive, protected benefit. 28 U.S.C. section 2614(1(a) and (b).

18. An employer's interference with an employee's right to return to work is prohibited by the FMLA. See 29 U.S.C. section 2615(a)(1) and (2).

19. Defendant's refusal to restore Plaintiff to his job position or an equivalent position and thereby interfered with Plaintiff's rights under the Family Medical Leave Act.

20. Defendant is liable to Plaintiff for back pay from the date Plaintiff was able to return to work through the date Plaintiff is restored to his job position or an equivalent position.

21. In the event Plaintiff is not restored to his job position or an equivalent position, Defendant is liable to Plaintiff for back pay and for front pay in lieu of reinstatement in an amount sufficient to make Plaintiff whole for wages and benefits between the date of Plaintiff should have been restored to his job position or an equivalent position and the date Plaintiff finds comparable employment.

22. Defendant is liable to Plaintiff for an additional amount as liquidated damages because it did not act in good faith and had no reasonable grounds for believing that its refusal to restore Plaintiff to his job or an equivalent job position was not a violation of the FMLA.

23. Defendant is also liable to Plaintiff for reimbursement of Plaintiff's costs and attorney's fees.

VII.

DEMAND FOR JURY

24. Plaintiff requests a jury trial.

VIII.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that his petition be deemed good and sufficient and that upon the conclusion of all due proceedings that a judgment be entered against Defendant, Omni Specialty Packaging, L.L.C., awarding Plaintiff the full statutory penalty and other damages as described herein and all other legal and equitable relief to which Plaintiff may be entitled, including back pay, front pay, liquidated damages, costs of proceedings, attorneys' fees, and interest from the date of judicial demand.

Plaintiff also requests all other legal and equitable relief to which he may be entitled.

Respectfully submitted this 11th day of May, 2020

DOWNER, JONES, MARINO & WILHITE, L.L.C.

By: _____
Pamela R. Jones, Bar Roll No. 19640

American Tower
401 Market Street, Suite 1250
Shreveport, Louisiana 71101
Telephone: (318) 213-4444
Facsimile: (318) 213-4445
Email: pjones@dhw-law.com

ATTORNEYS FOR PLAINTIFF